## Hersch *against* Groff.

Though a judgment against a defendant by default for want of appearance, without filing a declaration, is erroneous, it is not a nullity, but must be deemed a judgment on the issue of *nul tiel record* in a *scire facias* upon it.

It is not a variance on *nul tiel record* pleaded to a *scire facias* reciting a judgment for £90, where the summons was for a debt of £90, and the judgment and execution are for the same sum, though the execution is endorsed only for a debt of $110.94, and it does not appear that a declaration was filed.

THIS was a Writ of Error to the Common Pleas of *Montgomery* county, in which the plaintiff in error, Elias Hersch, sued out a *scire facias* against the defendants in error, Joseph Groff and John Reichart, executors of Samuel Shuller, deceased, to August Term 1838, to which the defendants pleaded *nul tiel record,* and other pleas.

The *scire facias* recited a judgment obtained in the same court on the 22d of February 1822, by the plaintiff against the defendants for a debt of £90, and $8 costs and charges, and prayed a revival of the judgment, and to continue it a lien on their real estate and for award of execution.

The court below rendered judgment for the defendants on the plea of *nul tiel record.*

The præcipe for the original writ commanded the prothonotary to issue a summons on two obligations not exceeding £90. The summons was to appear to answer the plaintiff of a plea that they render unto him £90, which from him they unjustly detain, &c. This was returned "summoned," and February 22d, 1822, judgment was entered for the plaintiff for want of appearance. The prothonotary certified that the declaration could not be found.

The præcipe for the *fieri facias* was for debt. "Endorse real debt due $110.94: interest from the —— February 1822." The *fieri facias* was for a certain debt not exceeding £90, and $8 damages. The endorsement on the *fieri facias* was, "real debt due $110.94," with the costs of suit added.

[Hersch v. Groff.]

Error assigned :

The court erred in entering judgment for defendants on the plea of *nul tiel record*.

*Sterigere*, for plaintiff in error.
*Brooke, contra.*

PER CURIAM.—The original judgment, though erroneous for want of a declaration, is not a nullity; and what we have to do, is to determine whether there is a substantial variance between it and the *scire facias*. The latter recites a judgment for £90; the debt stated in the original writ is also £90; and the execution issued for the same sum, but the real debt endorsed on it is only $110; and hence it is inferred that as there is no declaration with the record, that must be taken for the amount of the judgment. It is, indeed, the debt in equity, but the judgment at law is for the penalty, and must be so pleaded. Had the plaintiff proceeded regularly, he would have declared for £90, and execution would have issued in the form it has done. But where there is no narr., judgment goes for the sum stated in the writ, and it is, beside, by no means certain that there was not one in this instance. The judgment consequently stands as if it were rendered on a declaration; and it would be enough without this, that the execution, with its endorsements, is no part of it.

Judgment of the court below for the defendants reversed, and judgment here for the plaintiff.